OPINION
Defendant-appellant, Carl A. Gordon, appeals the decision of the Fayette County Court of Common Pleas adjudicating him a sexual predator.
Gordon was indicted on two counts of gross sexual imposition ("GSI") against a person under thirteen years of age in violation of R.C.2907.05(A)(4), a third degree felony, and two counts of rape of a person under thirteen years of age in violation of R.C. 2907.02(A)(1)(b), a first degree felony. Gordon pled guilty to the two GSI counts, and the state dismissed the two rape counts. A sentencing and sexual predator hearing was held. Gordon was sentenced to a four year prison term as to each GSI count, the sentences to be served consecutively. He was adjudicated a sexual predator. Gordon appeals, raising a single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DETERMINING HIM TO BE A SEXUAL PREDATOR.
 Gordon contends that the state failed to provide clear and convincing evidence that he is likely to commit future sexual offenses. He asserts that, although some factors of recidivism were presented, the evidence as a whole indicates that he does not pose a significant risk of recidivism.
In the context of a challenge to the sufficiency of the evidence,
 "sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the [judgment] as a matter of law. * * * In essence, sufficiency is a test of adequacy.
 State v. Thompkins (1997), 78 Ohio St.3d 380, 386, rehearing/reconsideration denied, 79 Ohio St.3d 1451. When the evidence pertains to specific statutory findings which the trial court must make, the reviewing court must look to see whether the trial court followed the enumerated factors in making its determination, or whether the trial court abused its discretion by deviating from the statutory criteria. See In re William S. (1996), 75 Ohio St.3d 95, 99.
Pursuant to R.C. 2950.09(C)(2)(b), a determination that an offender is a sexual predator must be supported by clear and convincing evidence. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. While clear and convincing evidence is "more than a mere preponderance of the evidence," it is less than evidence "beyond a reasonable doubt." State v. Danby (1983),11 Ohio App.3d 38, 41, citing Cross, 161 Ohio St. at 477.
We must review the record to determine whether appellee presented evidence sufficient to meet its burden of production: clear and convincing evidence that the defendant is a sexual predator. In sexual predator adjudications, this review focuses on whether evidence was presented relating to the factors listed in R.C. 2950.09(B)(2). R.C.2950.09(B)(2) states:
 In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
* * *
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
* * *
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
* * *
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
 Neither party to a sexual predator adjudicatory hearing is required to present new evidence or call and examine witnesses. All that is required is that the parties are given the opportunity to do so. R.C. 2950.09(B)(1).
After evidence is presented, the trial court is required to consider the above factors in making its determination. R.C. 2950.09(C)(2)(b). In reviewing these factors and any other relevant characteristics under R.C. 2950.09(B)(2)(j), the trial court may look into the defendant's past behavior. State v. Naegele (Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported, at 2, affirmed, 84 Ohio St.3d 19. The trial court is not required to find that evidence was presented to support a majority of the factors listed in R.C. 2950.09(B)(2). State v. Fugate
(Feb. 2, 1998), Butler App. No. CA97-03-065, unreported, at 7. In fact, the trial court may rely upon one factor more than another, depending upon the circumstances of the case. State v. Carroll (Apr. 19, 1999), Warren App. No. CA98-09-124, unreported, at 7, appeal dismissed,86 Ohio St.3d 1461. Furthermore, a single conviction may support a finding that a defendant is a sexual predator in certain cases. SeeState v. Nicholas (Apr. 6, 1998), Warren App. Nos. CA97-05-045, et al., unreported, at 23, affirmed, 84 Ohio St.3d 20.
The state presented the testimony of Sergeant Jon Long of the Washington Township Police Department, the officer who had questioned Gordon regarding his offenses. Sgt. Long testified that Gordon admitted to conduct establishing all four of the counts of the indictment, and that this conduct occurred from July 1997 to February 1998. At the time of his offenses, Gordon was about twenty-eight years old, but his victims were a male child only three years old and a female child only about five years old. Gordon was the victims' uncle, and he lived with the children's family at the time of his offenses.
In his defense, Gordon presented Dr. James Barna, who went through his evaluation of Gordon in reference to the criteria set forth in R.C.2950.09(B)(2). Dr. Barna testified that certain of the statutory criteria were irrelevant to determining the likelihood of recidivism, and that other criteria established only a low risk of recidivism. Dr. Barna testified that while Gordon met many of the criteria set forth in R.C.2950.09(B)(2), his own research in this area did not show a correlation between these criteria and the offender's risk of recidivism.
Although Gordon presented testimony that he posed a low risk of recidivism, he met many of the statutory criteria, including a significant difference in age between himself and his victims. R.C.2950.09(B)(2)(a) and (c). He used his position with the victims' family to gain access to the children. In doing so, he abused this position of trust. There were multiple victims, and Gordon's conduct continued over a period of time, demonstrating a pattern of abuse. R.C. 2950.09(B)(2)(d) and (h). Gordon had a demonstrable mental disability, including a period in which he was found incompetent to stand trial. He had low social skills, an unstable work history, and was a victim of past sexual abuse himself. R.C. 2950.09(B)(2)(g) and (j).
Gordon argues that the presence of these statutory factors does not outweigh Dr. Barna's testimony that such factors are not relevant to a proper determination of recidivism. The general assembly has determined otherwise, and the trial court did not err in considering the factors listed in R.C. 2950.09(B)(2). Dr. Barna's testimony regarding the relevance of the factors was an issue of credibility, and the trial court stated that it disagreed with Dr. Barna's conclusions.
There was clear and convincing evidence of a likelihood of recidivism in support of adjudicating Gordon a sexual predator. The assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.